IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, DC INC., | ) |
| Plaintiff | ) Case No. 1:07-cv-01460 |
| v. | ) JUDGE PAUL L. FRIEDMAN |
| COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIM

### I. ANSWER

Defendant, Communications Workers of America, AFL-CIO ("CWA"), by and through undersigned counsel, for its Answer to Plaintiff Verizon Washington, DC Inc.'s ("Verizon" or "the Company") Complaint to Partially Vacate Arbitration Award ("Complaint"), states as follows:

1.  CWA admits the allegations of Paragraph 1 of the Complaint.

2.  In response to the allegations in Paragraph 2, CWA states that the arbitration award speaks for itself as to its contents. CWA denies all allegations of Paragraph 2 of the Complaint.

3.  The allegations of Paragraph 3 of the Complaint assert a conclusion of law to which CWA is not required to respond. To the extent a response may be necessary, CWA admits that the Complaint seeks to vacate a portion of the Award and denies all remaining allegations of Paragraph 3.

4.  CWA admits the allegations of Paragraph 4 of the Complaint.

5. CWA admits the allegations of Paragraph 5 of the Complaint.

6. CWA admits the allegations of Paragraph 6 of the Complaint.

7. CWA admits the allegations of Paragraph 7 of the Complaint.

8. CWA admits the allegations of Paragraph 8 of the Complaint.

9. CWA admits the allegation contained in the first sentence of Paragraph 9 of the Complaint. CWA does not have the information necessary to form a conclusion as to the second sentence of Paragraph 9 and, on that basis, denies the allegations contained in that sentence.

10. CWA admits the allegations contained in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, CWA states that the Collective Bargaining Agreement speaks for itself as to its contents. Answering further, CWA denies all allegations of Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, CWA states that the Collective Bargaining Agreement speaks for itself as to its contents. Answering further, CWA denies all allegations of Paragraph 12 of the Complaint.

13. CWA denies all of the allegations contained in Paragraph 13 of the Complaint. Without in any way limiting this complete denial, CWA affirmatively states that the grievance that ultimately resulted in the arbitration award was filed on December 9, 2001, and not July 28, 2003, as the Company asserts.

14. CWA admits that hearings of the grievance that was filed December 9, 2001 were held before Arbitrator MacKenzie; that the parties presented testimony and other evidence at these hearings; and that the hearings were on the merits of the case and lasted three days. CWA further admits that on February 28, 2006, Arbitrator Mackenzie issued an Opinion and Award resolving some of the issues raised by the December 9, 2001 grievance. To the

extent that Paragraph 14 of the Complaint states or implies that the hearings and award were unrelated to the December 9, 2001 grievance, CWA denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, CWA states that the Arbitrator Mackenzie's award speaks for itself as to its contents.  Answering further, CWA denies the allegations contained in Paragraph 15 of the complaint.

16.     In response to Paragraph 16 of the Complaint, CWA states that the Arbitrator Mackenzie's award speaks for itself as to its contents.  Answering further, CWA denies the allegations contained in Paragraph 16.

17.     CWA admits the allegations of Paragraph 17 of the Complaint.

18.     CWA admits the allegations of Paragraph 18 of the Complaint.

19.     Answering Paragraph 19 of the Complaint, CWA admits that during the negotiations, it initially proposed a wage rate for Voice Mail Clerks of $22.70 per hour and finally proposed they be paid according to Wage Schedule 22, at $22.20 per hour.  CWA denies all other allegations contained in Paragraph 19 of the Complaint.

20.     CWA admits the allegations of Paragraph 20 of the Complaint.

21.     Answering Paragraph 21 of the Complaint, CWA states that Arbitrator Paul F. Gerhart's May 30, 2007, award speaks for itself as to its contents.  Answering further, CWA denies all allegations of Paragraph 21 of the Complaint.

22.     Answering Paragraph 22 of the Complaint, CWA states that Arbitrator Gerhart's award speaks for itself as to its contents.  Answering further, CWA denies all allegations of Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, CWA states that Arbitrator Gerhart's award speaks for itself as to its contents. Answering further, CWA denies all allegations of Paragraph 23 of the Complaint.

24. Answering Paragraph 24 of the Complaint, CWA states that Arbitrator Gerhart's award speaks for itself as to its contents. Answering further, CWA denies all allegations of Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, CWA states that Arbitrator Gerhart's award speaks for itself as to its contents. Answering further, CWA denies all allegations of Paragraph 25 of the Complaint.

26. CWA incorporates by reference its above-stated answers to Paragraphs 1-25 of the Complaint.

27. The allegations of Paragraph 27 of the Complaint assert conclusions of law to which CWA is not required to respond. To the extent a response may be necessary, CWA denies each and every one of the allegations contained in Paragraph 27 and specifically denies that Verizon is entitled to any relief whatsoever.

28. The allegations of Paragraph 28 of the Complaint assert conclusions of law to which CWA is not required to respond. To the extent a response may be necessary, CWA denies each and every one of the allegations contained in Paragraph 28 and specifically denies that Verizon is entitled to any relief whatsoever.

29. The allegations of Paragraph 29 of the Complaint assert conclusions of law to which CWA is not required to respond. To the extent a response may be necessary, CWA denies each and every one of the allegations contained in Paragraph 29 and specifically denies that Verizon is entitled to any relief whatsoever.

30. The allegations of Paragraph 30 of the Complaint assert conclusions of law to which CWA is not required to respond. To the extent a response may be necessary, CWA denies each and every one of the allegations contained in Paragraph 30 and specifically denies that Verizon is entitled to any relief whatsoever.

31. The allegations of Paragraph 31 of the Complaint assert conclusions of law to which CWA is not required to respond. To the extent a response may be necessary, CWA denies each and every one of the allegations contained in Paragraph 31 and specifically denies that Verizon is entitled to any relief whatsoever.

32. The allegations of Paragraph 32 of the Complaint assert conclusions of law to which CWA is not required to respond. To the extent a response may be necessary, CWA denies each and every one of the allegations contained in Paragraph 32 and specifically denies that Verizon is entitled to any relief whatsoever.

33. In response to Verizon's Prayer for Relief, as contained in the Complaint, CWA denies that Verizon is entitled to any relief whatsoever. Furthermore, all allegations of the Complaint that are not specifically admitted herein are expressly denied.

## DEFENSES

### First Defense

Verizon's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### Second Defense

The May 30, 2007, arbitration opinion and Award issued by Arbitrator Gerhart are final and binding.

Third Defense

Verizon has brought this action against CWA in a bad faith effort to thwart the arbitral process and unduly delay compliance with Arbitrator Gerhart's May 30, 2007 Arbitration Award.

Additional Defenses

CWA reserves its right to amend its Answer and to assert additional defenses as Verizon's claim is more fully disclosed during the course of this litigation.

**WHEREFORE**, having fully answered, Defendant CWA respectfully prays that the Plaintiff take nothing, that judgment be entered against the Plaintiff on its Complaint, and that the Court dismiss Plaintiff Verizon's Complaint forthwith. CWA requests further that the Court order Verizon to pay CWA's costs and reasonable attorneys' fees expended in defending against Verizon's bad faith claims, as well as granting to CWA any and all such other relief as is deemed just and proper.

II.   COUNTERCLAIM

Defendant, Communications Workers of America, AFL-CIO ("CWA") counterclaims against Plaintiff Verizon Washington, DC Inc. ("Verizon") as follows:

NATURE OF THE ACTION

1.   CWA brings this civil action pursuant to Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, to enforce an award rendered by a labor arbitrator pursuant to authority granted him under the collective bargaining agreement ("Agreement") between CWA and Verizon.

JURISDICTION AND VENUE

2.   This action is brought under Section 301 of the Labor Management Relations

Act of 1947, as amended, 29 U.S.C. § 185. The Court has jurisdiction over this matter under 29 U.S.C. § 185, and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to Section 301(a) of the Act, 29 U.S.C. 185(a), in that this Court has jurisdiction over the parties, which maintain principal places of business in this District.

## PARTIES

4. Verizon is an employer within the meaning of 29 U.S.C. § 152(2) and engages in a business affecting commerce. It is a company engaged in the telecommunications business, incorporated in the state of Delaware and maintains a principal place of business in Washington, D.C., located at 930 V Street, N.E., Washington, D.C. 20018.

5. CWA is a labor organization within the meaning of 29 U.S.C. § 152(5) and is the authorized bargaining representative of employees of Verizon. CWA represents employees in an industry affecting commerce. CWA maintains a principal place of business in Washington, DC, located at 501 Third Street, N.W., Washington, D.C. 20001

## ALLEGATIONS

6. CWA incorporates, repeats, and realleges each and every allegation set forth in Paragraphs 1-6 of the Counterclaim, as fully set forth herein.

7. CWA and Verizon are parties to a collective bargaining agreement, attached to Verizon's Complaint as Exhibit A. Article 16B of the Agreement provides that arbitration is the exclusive and binding means of resolving disputes over questions of new job titles and classifications.

8. On May 30, 2007, Arbitrator Paul Gerhart issued an Award regarding a contractual dispute between CWA and Verizon.

9. In his Award, Arbitrator Gerhart established a pay rate for groups of employees called Voice Mail Clerks and Senior Voice Mail Clerks, and required the Company to take certain steps to bring them to that rate, as well as to remedy the Company's past failure to pay them at that rate.

10. Arbitrator Gerhart required the Company to remedy its failure to pay Senior Voice Mail Clerks at the established rate by paying certain employees retroactively. Arbitrator Gerhart established the date that the grievance was filed, December 9, 2001, as the earliest date for which retroactive payment would be available for qualifying employees.

11. Arbitrator Gerhart established December 9, 2001, as the earliest date for which reimbursement would be required because that was the date CWA filed the grievance in this matter. Arbitrator Gerhart found that Verizon's subsequent failure to abide by the Agreement delayed the timely issuance of his Award, and that this failure tolled the running of the 150-day retroactivity period. Thus, Arbitrator Gerhart found that "had the Company not violated the Agreement as found by Arbitrator Mackenzie and had the Company properly notified the Union of the changes in the Voice Mail Clerk job in response to the Union's December 2001 grievance, and had the matter been processed and ultimately referred to a 'neutral third party' as required by Article16B.1(e) and (f), a decision by the neutral third party would have been rendered on or about May 9, 2002, which is 150 days after December 9, 2001. Thus, in the absence of the contractual violation by the Company, this neutral party award would have been effective on December 9, 2001. . . . It would shock the sensibilities of any reasonable person if the Company were allowed to benefit from its own breech of the Agreement, as found by Arbitrator Mackenzie, particularly since it violated the very Article of the Agreement that it now seeks to use to limit the contractually agreed-upon remedy."

12.   In issuing his Award, Arbitrator Gerhart was acting within the scope of his authority to interpret the Agreement.

13.   Arbitrator Gerhart has not acted or been alleged by Verizon to have acted, in a fraudulent manner in his conduct of the case that resulted in the Award.

14.   Verizon has failed and refused to comply with the Award of the Arbitrator.

15.   **WHEREFORE**, CWA prays for an Order and Judgment on its Counterclaim as follows:

   A.   Confirming the Arbitrator's Decision and Award of May 30, 2007;

   B.   Directing the Company to comply with the Award of May 30, 2007;

   C.   Granting interest at the legal rate from the date of the issuance of the Award of May 30, 2007 on all monetary aspects of the Award;

   D.   Granting CWA its costs and attorneys' fees incurred in seeking to compel compliance with the Award of May 30, 2007;

   E.   Granting any and all such other relief as is deemed just and proper.

Nicolas M. Manicone, Headquarters Counsel
Communications Workers of America, AFL-CIO
501 Third Street, N.W., Suite 800
Washington, DC 20001-2797
Office: (202) 434-1321
Fax: (202) 434-1464
DC Bar No.: 461171

Dated: September 4, 2007

Counsel for Defendant and Counter-Claimant

## CERTIFICATE OF SERVICE

I, Nicolas M. Manicone, hereby certify that on this 4th of September 2007, I served a true and correct copy of CWA's Answer and Counterclaim upon opposing counsel, via UPS overnight delivery, addressed as follows:

>Willis J. Goldsmith
>Jones Day
>222 East 41st Street
>New York, New York 10017-6702
>(212) 326-3939 (telephone)
>(212) 755-7306 (facsimile)

>Julia M. Broas
>Jones Day
>51 Louisiana Avenue, NW
>Washington, DC 20001
>(202) 879-3939 (telephone)
>(202) 626-1700

Dated: September 4, 2007

Nicolas M. Manicone
CWA Headquarters Counsel