**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VERIZON WASHINGTON, DC INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,**<br><br>**Defendant.** | **Case No. 1:07-cv-01460**<br><br>**JUDGE PAUL L. FRIEDMAN** |

## ANSWER TO COUNTERCLAIM

Plaintiff, Verizon Washington, DC Inc. ("Verizon Washington, DC" or "the Company"), by and through its undersigned counsel, hereby files this Answer to Defendant Communications Workers of America's Counterclaim and states as follows in support hereof:

1. As to Paragraph 1 of the Counterclaim, the Company admits that the CWA describes the counterclaim as an action to enforce an arbitration award and that it purports to bring the action pursuant to Section 301 of the Labor Management Relations Act; otherwise, the Company denies that the CWA is entitled to any relief.

2. As to Paragraph 2 of the Counterclaim, the Company admits that the CWA purports to bring the action pursuant to Section 301 of the Labor Management Relations Act and that it invoke this Court's jurisdiction under 29 U.S.C. § 185 and 28 U.S.C. § 1331; otherwise, the Company denies that the CWA is entitled to any relief.

3. As to Paragraph 3 of the Counterclaim, the Company admits that the CWA avers that venue is proper in this Court pursuant to Section 301(a) of the Act, 29 U.S.C. § 185(a); otherwise, the Company denies that the CWA is entitled to any relief.

4. The Company admits the allegations of Paragraph 4 of the Counterclaim.

5. The Company admits the allegations of Paragraph 5 of the Counterclaim.

6. The Company incorporates the responses set forth in Paragraphs 1-5 of the Counterclaim, as if fully set forth herein.

7. The Company admits that it and the CWA are parties to a collective bargaining agreement that was attached as Exhibit A to its Complaint in this action. Answering further, the Company states that the collective bargaining agreement speaks for itself. The Company denies each and every allegation set forth in Paragraph 7 of the Counterclaim and specifically denies that that the CWA is entitled to any relief.

8. The Company admits the allegations of Paragraph 8 of the Counterclaim.

9. As to Paragraph 9 of the Counterclaim, the Company states that the Award of Arbitrator Gerhart speaks for itself. The Company denies each and every other allegation set forth in Paragraph 9 of the Counterclaim and specifically denies that that the CWA is entitled to any relief.

10. As to Paragraph 10 of the Counterclaim, the Company states that the Award of Arbitrator Gerhart speaks for itself. The Company denies each and every other allegation set forth in Paragraph 10 of the Counterclaim and specifically denies that that the CWA is entitled to any relief.

11. As to Paragraph 11 of the Counterclaim, the Company states that the Award of Arbitrator Gerhart speaks for itself. The Company denies each and every allegation set forth in Paragraph 11 of the Counterclaim and specifically denies that that the CWA is entitled to any relief.

12. Paragraph 12 of the Counterclaim contains an averment to which no admission or

denial is required. To the extent that a response is required, the Company denies each and every allegation set forth in this Paragraph and specifically denies that that the CWA is entitled to any relief.

13. Paragraph 13 of the Counterclaim contains an averment to which no admission or denial is required. To the extent that a response is required, the Company denies each and every allegation set forth in this Paragraph and specifically denies that that the CWA is entitled to any relief.

14. The Company admits that it has not paid the CWA any of the amount awarded by Arbitrator Gerhart, and denies the remaining allegations of Paragraph 14 of the Counterclaim. The Company states that it filed the Complaint to Partially Vacate Arbitration Award in this case for the purpose of vacating a portion of Arbitrator Gerhart's Award. The Company further states that, because the Award exceeds the scope of the Arbitrator's authority and prejudices the Company's rights, the Company is not required to honor the Award.

15. The Company incorporates and reasserts all of the allegations contained in its Complaint to Partially Vacate Arbitration Award and accordingly denies that the CWA is entitled to any of the relief it seeks in its prayer for relief in the Counterclaim. The Company further asserts that it is entitled to an order partially vacating the Arbitrator's Award, as well as the relief prayed for in its Complaint.

16. The Company denies any allegations not previously admitted, denied or explained herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

**Second Affirmative Defense**

The CWA is not entitled to enforcement of Arbitrator Gerhart's Award because, in issuing the effective date of the remedy, he failed to honor the bargain reached by the parties in the governing collective bargaining agreement and thus exceeded the scope of his contractual authority.

**Third Affirmative Defense**

The Counterclaim is barred because the Arbitration Award is invalid.

**Fourth Affirmative Defense**

The Counterclaim is barred because the Company acted at all times in good faith.

**Fifth Affirmative Defense**

The Company reserves the right to raise additional defenses if and when appropriate.

WHEREFORE, having fully answered the Counterclaim, the Company respectfully requests that the Counterclaim be dismissed with prejudice, that the CWA take nothing and that the Company be awarded its costs, including reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Dated: September 19, 2007

Respectfully submitted,

Willis J. Goldsmith /jmb

Willis J. Goldsmith (DC Bar No. 945956)
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Julia M. Broas (DC Bar No. 396119)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Counsel for Plaintiff
VERIZON WASHINGTON, DC INC.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 19th day of September, I caused a copy of the foregoing Answer to Counterclaim, to be sent by overnight mail, postage prepaid, to the following person:

Nicolas M. Manicone, Headquarters Counsel
Communications Workers of America, AFL-CIO
501 Third Street, NW, Suite 800
Washington, DC 20001-2797

Julia M. Broas