IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, DC INC., ) | |
| ) | |
| Plaintiff ) | Case No. 1:07-cv-01460 |
| ) | |
| v. ) | JUDGE PAUL L. FRIEDMAN |
| ) | |
| COMMUNICATIONS WORKERS ) | |
| OF AMERICA, AFL-CIO ) | |
| ) | |
| Defendant. ) | |

**COMMUNICATIONS WORKERS OF AMERICA'S MEMORANDUM IN OPPOSITION TO VERIZON WASHINGTON, DC INC.'S MOTION FOR SUMMARY JUDGMENT**

For the reasons stated herein, Defendant-Counterclaim Plaintiff Communications Workers of America, AFL-CIO (hereinafter "Defendant" and/or "CWA") opposes Plaintiff-Counterclaim Defendant Verizon Washington, DC, Inc.'s (hereinafter "Plaintiff" and/or "Verizon") Motion for Summary Judgment. In the alternative, CWA urges the Court to grant its own Motion for Summary Judgment.

As noted by both parties, there are no material facts in dispute in this matter even if they have been characterized somewhat differently. The parties strongly disagree about the application the law to the undisputed facts, however. Verizon argues that this Court should ignore the Supreme Court's admonition in United Paperworkers International Union v. Misco, 484 U.S. 29, 38 (1987) that "a court should not reject an award on the ground that the arbitrator misread the contract." CWA urges that the clear federal policy of non-interference with arbitration awards, examined in CWA's Memorandum in Support, applies in the instant case.

In its Memorandum in Support of it Motion for Summary Judgment, Verizon argues that the instant case is closely analogous to the Court's decision in <u>Hay Adams Hotel v. Hotel & Restaurant Employees, Local 25</u>, No. 06-968, 2007 WL 1378490 (D.D.C. May 9, 2007). In that case, an arbitrator was called upon to interpret a Last Chance Agreement ("LCA") negotiated by a union and employer. The LCA provided that if the employee covered by the LCA engaged in similar misconduct again, then the union would have no right to grieve the employee's discharge. When the employee engaged in arguably similar misconduct, the parties took the matter before an arbitrator who determined that the employee engaged in "similar misconduct" in violation of the LCA. The arbitrator nonetheless ordered the employee reinstated. Upon review, the court determined that the arbitrator was to determine whether the LCA had been violated and end his inquiry there since the union had agreed that if the employee violated the LCA there would be no further recourse to arbitration.

The instant matter is quite different, however. Unlike the <u>Hay Adams</u> case, the union here established that it was entitled to relief. In addition, here Verizon failed to initiate the dispute resolution procedures of Article 16B and the arbitrator quite reasonably concluded that the parties did not agree to limit backpay where one of the parties delayed resolution of the case in such a manner. Nothing analogous occurred in <u>Hay Adams</u>. Indeed, <u>Hay Adams</u> would only be analogous to the instant matter if, in this case, the union lost its argument that the company had created a new classification but the arbitrator nonetheless awarded a remedy to the union because he believed that would be fairer. Verizon concedes, however, that the arbitrator's determination that a new classification had been created cannot be challenged and further concedes that the arbitrator was empowered by the agreement to create a remedy.

By signing the Collective Bargaining Agreement, Verizon obligated itself to comply with the Article 16B process and to notify the union of the creation of a new classification. The Agreement provides: "**Whenever the Company determines it appropriate** to create a new job title or job classification in the bargaining unit, or to restructure or redefine an existing one, **it shall proceed as follows: The Company shall notify the Union in writing** of such job title or classification [.]" See Agreement at Article 16B (emphasis supplied). Verizon refused to comply with this obligation and, thus, greatly delayed the resolution of the pay dispute. Arbitrator Gerhart recognized the company's failure to comply with its contractual obligation and in a carefully reasoned decision held that the parties did not agree to impose a 150-day limit on back pay where one of the parties refused to comply with its obligation to initiate the dispute resolution procedure. It was a reasonable conclusion and within the powers of the arbitrator to decide and is moreover exactly the type of judgment with which a court should not interfere. See United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960) ("the question of interpretation of the collective bargaining agreement is a question for the arbitrator"). For this reason, CWA respectfully requests that the Court decline to amend Arbitrator Gerhart's award.

## Conclusion

CWA submits that the Arbitrator acted within his authority under the Agreement when he provided that the Company, not CWA's members, should be responsible for its failure to abide by its duties under Article 16.B. Nothing in Verizon's Memorandum in Support of its Motion for Summary Judgment undermines this argument. Consequently, the entire Arbitration Award issued by Arbitrator Paul F. Gerhart should be enforced. Having demonstrated that there are no

genuine issues of material fact and that CWA is entitled to judgment as a matter of law, CWA respectfully renews its plea that this Court issue an Order granting summary judgment in its favor.

                                      Respectfully submitted,

                                      */s/*

                                      Nicolas M. Manicone, Headquarters Counsel
                                      Communications Workers of America, AFL-CIO
                                      501 Third Street, N.W., Suite 800
                                      Washington, D.C. 20001-2797
                                      Office:  (202) 434-1321
                                      Fax:  (202) 434-1464
                                      DC Bar No.: 461171

Dated: December 14, 2007        Counsel for Defendant and Counter-Claimant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, DC INC., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> COMMUNICATIONS WORKERS ) <br> OF AMERICA, AFL-CIO ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:07-cv-01460 <br><br> JUDGE PAUL L. FRIEDMAN |

**CERTIFICATE OF SERVICE**

I, Nicolas M. Manicone, hereby certify that on this 14 day of December, 2007, a true and correct copy of Defendant-Counterclaim Plaintiff Communications Workers of America's Memorandum in Opposition to Verizon Washington, DC Inc.'s Motion for Summary Judgment was mailed to opposing counsel, via UPS overnight delivery, addressed as follows:

Willis J. Goldsmith
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939 (telephone)
(212) 755-7306 (facsimile)

Julia M. Broas
Jones Day
51 Louisiana Avenue, NW
Washington, DC  20001
(202) 879-3939 (telephone)
(202) 626-1700

Dated:  December 14, 2007

Nicolas M. Manicone
Counsel for Defendant Counter-Claimant