IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, D.C. INC., <br><br> Plaintiff, <br><br> v. <br><br> COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO (as designated agent and representative for Local 2336), <br><br> Defendant. | Civil Action No. 1:07-CV-01460 (PLF) |

**PLAINTIFF VERIZON WASHINGTON, D.C.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The issue in this case is a straightforward one: whether an arbitrator improperly exceeds his authority, and unlawfully dispenses his own brand of industrial justice, when he awards approximately *2000 days* of back pay to employees covered by a collective bargaining agreement which provides that "in no event" shall more than 150 days of back pay be awarded. The answer is equally straightforward: an arbitrator cannot ignore the plain language of a collective bargaining agreement and impose his own view of what the parties should have bargained. Faced with clear and unequivocal language, he is bound to enforce the agreement as written.

Nothing in Defendant Communications Workers of America, AFL-CIO's (the "Union") Memorandum in Opposition to Plaintiff Verizon Washington, D.C. Inc.'s (the "Company") Motion for Summary Judgment ("Opp.") contravenes these basic points, or provides any legal support whatsoever for the Union's apparently contrary view. Instead, the Union offers three reasons why it should prevail, all of which fall short.

*First*, the Union mischaracterizes this case as an instance where "the arbitrator misread the contract," suggesting that under such circumstances "the clear federal policy of non-interference with arbitration awards . . . applies in the instant case." Opp. at 1. But Arbitrator Gerhart did not misread the contract, and the Union knows it. In its own Motion for Summary Judgment, the Union itself noted that Gerhart "acknowledged that Article 16B limited the general retroactive effect of an award to 150 days." *See* Memorandum of Points and Authorities in Support of Defendant Communications Workers of America's Motion for Summary Judgment, at 5. Nor could there be any dispute on this point, since Arbitrator Gerhart expressly acknowledged that he was "mindful" of the Agreement's 150 day limit. See Gerhart Award at 55. This is not a case where the arbitrator misread a provision of the contract – it is a case where he read and understood that provision, and then blatantly chose to ignore it.

Second, the Union suggests that one – but only one – of the many cases upon which Verizon relies, Hay Adams Hotel v. Hotel & Rest. Employees, Local 25, No. 06-968, 2007 WL 1378490 (D.D.C. May 9, 2007) (slip op.), is not applicable here because "Hay Adams would only be analogous . . . if . . . the union lost its argument that the company had created a new classification but the arbitrator nonetheless awarded a remedy to the union because he believed that [such a remedy] would be fairer." Opp. at 2. The Union misreads Hay Adams. Hay Adams stands for the proposition that where the parties' agreement "clearly and unambiguously" limits the arbitrator's authority to devise a remedy, the arbitrator exceeds his authority when he ignores that limitation. 2007 WL 1378490 at *3 ("The [plaintiff] Hotel persuasively argues that the award should be vacated, as the arbitrator failed to abide by the clear and unambiguous language of the [parties' agreement]."). That situation, to which the Court properly responded by fulfilling

its responsibility to vacate arbitration awards where the arbitrator exceeded his authority, is precisely the situation here.

*Finally*, the Union again seeks to justify Arbitrator Gerhart's blatant disregard of the parties' agreement by alleging that the Company acted in bad faith. Opp. at 3. As the Company argues more fully in its Opposition to the Union's Motion for Summary Judgment, allegations that the Company delayed in processing the grievance are, even if true, completely irrelevant where the applicable agreement unambiguously limits an arbitrator's authority. Here, the Agreement does just that, explicitly stating that *"in no event shall the retroactive effect [of a change in pay grade] exceed 150 days."* See Agreement, Article 16B(f). It does not permit any exceptions for purported "bad faith" by the Company or the Union, or for any other reason; it simply limits the available remedy in the clearest possible terms.

In any event, of course, there is no evidence that the company acted in bad faith here. Quite the contrary, when the Union complained about the Voice Mail Clerk classification, the Company investigated whether the additional duties assigned to the Voice Mail Clerks triggered a new job classification, and determined that they did not. The fact that Arbitrator Mackenzie later disagreed with this determination does not evidence bad faith, particularly because even Arbitrator Mackenzie made no such finding.

**Conclusion**

The Union attempts to obfuscate the real issue in this case: whether the court should confirm that portion of Arbitrator Gerhart's award that blatantly ignores the agreed to limit on the effective backdate of any award. Notwithstanding its characterization of this case as one in which "[t]he parties strongly disagree about the application [of] the law to the undisputed facts," (Opp. at 1), the Union fails to cite any legal authority that stands for the proposition that a court

should confirm such an award.  By contrast, the Company's argument rests on solid legal authority.  See, e.g., E.I. DuPont de Nemours & Co. v. Local 900 of Int'l Chem. Workers, 968 F.2d 456, 458-59 (5th Cir. 1992); Int'l Bhd. of Firemen & Oilers v. Nestle Co., 630 F.2d 474, 476-77 (6th Cir. 1980); Hay Adams Hotel, 2007 WL 1378490, at *4-5.  Accordingly, the court should grant the Company's motion for summary judgment.

    Respectfully submitted,

    /s Willis J. Goldsmith
    Willis J. Goldsmith (DC Bar No. 945956)
    JONES DAY
    222 East 41st Street
    New York, New York 10017-6702
    Telephone:  (212) 326-3939
    Facsimile:  (212) 755-7306

    Julia M. Broas (DC Bar No. 396119)
    Jacqueline M. Holmes (DC Bar No. 450357)
    JONES DAY
    51 Louisiana Ave., NW
    Washington, DC 20001
    Telephone:  (202) 879-3939
    Facsimile:  (202) 626-1700

Dated:  January 7, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of January 2008, I caused a copy of the foregoing Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment to be sent by overnight mail, postage prepaid, to the following person:

> Nicholas M. Manicone, Headquarters Counsel
> Communications Workers of America, AFL-CIO
> 501 Third Street, NW, Suite 800
> Washington, D.C. 20001-2797

Jacqueline M. Holmes /s_____
Jacqueline M. Holmes