IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, DC INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COMMUNICATIONS WORKERS )<br>OF AMERICA, AFL-CIO )<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-01460<br><br>JUDGE PAUL L. FRIEDMAN |

## DEFENDANT COMMUNICATIONS WORKERS OF AMERICA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Verizon Washington, D.C. Inc. ("Verizon" or the "company") asks this Court to substitute its own judgment for that of an arbitrator. Of course, the company agreed to a contract with a binding arbitration provision and jointly chose the arbitrator with the Communications Workers of America ("CWA"). Had the arbitrator ruled in its favor, Verizon would assuredly cite to this Court the long history of legal precedent supporting the broad authority of arbitrators to interpret collective bargaining agreements and denying losing parties' efforts to escape from their binding effect. However, having lost at arbitration, the company now argues that Arbitrator Gerhart exceeded his authority. He did not. Arbitrator Gerhart was commissioned to determine the contractual intent of the parties. He explicitly found that the parties did not intend to limit the remedy in the unusual circumstances involved in this case. He applied common sense and the context of the overall agreement when interpreting the agreement, as the parties commissioned him to do. The Arbitrator's finding is entitled to substantial deference and the

Court should therefore refuse to aid the company's effort to escape from its obligations as recognized by the arbitrator.

Verizon, in its Opposition to Defendant's Cross-Motion for Summary Judgment (hereinafter "Opp."), relies upon Anheuser-Busch, Inc. v. Beer Drivers, Local Union Local Union No. 744, Int'l Bhd. of Teamsters, 280 F.3d 1133 (7th Cir. 2002) for the proposition that an arbitrator always must apply the plain language of a collective bargaining agreement. Thus, the company argues that there are circumstances in which an arbitrator is obliged to forgo applying the context of the agreement, an understanding of the parties' intent, or common sense. The U.S. Court of Appeals for the Seventh Circuit, however, has itself noted that the Anheuser-Busch lead opinion's statement that "plain language" must govern in arbitration awards is not always correct.[1] "[W]hat may seem 'plain' to a judge is not necessarily plain to persons with greater experience in the business," the Seventh Circuit found in International Union of Operating Engineers v. Findorff & Son, Inc., 393 F.3d 742, 746 (7th Cir. 2004). "Persons steeped in the specialized language of a trade, or the business norms against which the language was written, often eschew 'plain meaning' in favor of context[.]" Id. The Seventh Circuit concluded "Anheuser-Busch thus does not commit this court to the proposition that a judicial declaration of 'plain meaning' displaces an arbitrator's interpretation." Id. at 747.

The case of Yuasa v. International Association of Electronic Workers, 224 F.3d 316, 323 (6th Cir. 2000) cert.denied 531 U.S. 1149 (2001) demonstrates that arbitrators are not to eschew common sense in favor of applying "plain meaning," but may consider the intent of the parties when applying contract language, even when that language is supposedly "clear." In Yuasa, the company and union agreed to a formula to provide bonuses based on worker productivity. The

---

[1] Note that the cited portion of the Anheuser-Busch decision cited by the company is not the majority opinion but rather the lead opinion in a case which split three ways. See Findorff at 747.

agreement allowed the company to award bonuses based on a "Good Product" minus "Scrap" or defective product.  The agreement did not differentiate between scrap products caused by employees versus that caused by the malfunctioning of the production machine itself.  The company accordingly counted all "scrap" product against employees, whether they or their machine caused it.  The union grieved and an arbitrator decided that the contract, although not differentiating between the two causes of scrap, was not actually intended to punish employees for scrap caused by a malfunctioning machine.  Thus, the arbitrator refused to apply the "plain meaning" of the contract and instead determined that scrap not caused by employee error could not be counted against employee productivity for bonus purposes.  Id. at 319-320.  The District Court granted the employer's motion to vacate this award on the ground that the arbitrator added his own understanding of the agreement to the plain meaning, which did not take into account the cause of the defective product in calculating bonuses.

On appeal, the U.S. Court of Appeals for the Sixth Circuit reversed the District Court's vacation of the arbitration award.  Agreeing with the union's argument that a "mechanical interpretation" of the agreement "would defeat the essence of the parties' agreement," the Yuasa court held that the arbitrator was obliged to interpret the agreement "in a manner that was consistent with the parties' intent." Id. at 322-323.

This case is similar to Yuasa.  Here, the arbitrator was called upon to apply the parties' intent rather than the "plain meaning" of the contract.  The company argued that the collective bargaining agreement could be read to limit back pay to 150 days, without any regard to the company's failure to initiate the Article 16B dispute resolution procedure in a timely manner. CWA argued that the parties intended to limit remedies only under normal circumstances in

which the company complied with its obligations under the contract and that the parties did not agree to create an incentive for the company to delay initiating the Article 16B process.

Given these two competing interpretations of the Agreement, the arbitrator rejected the company's mechanistic reading in favor of a common-sense reading that took into account the overall purpose of the agreement, which was clearly intended to promptly resolve disputes. The arbitrator recognized that because the agreement allowed the company to initiate the dispute resolution process, there was the implicit understanding that the company would abide by its commitment to initiate the Article 16B dispute resolution process and that back pay would not be limited if the company failed to do so. Indeed, the arbitrator specifically found that the parties did not agree to limit back pay where the company "violated the very Article of the Agreement that it now seeks to limit the contractually agreed-upon remedy in this matter." Arbitration Award at 55-56. This was an interpretation of the contract's meaning and even if the arbitrator was mistaken in his understanding of the parties' agreement, the interpretation still must stand. See, e.g. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

## Conclusion

CWA submits that the Arbitrator acted within his authority under the Agreement when he provided that the Company, not CWA's members, should be responsible for its failure to abide by its duties under Article 16.B. Consequently, the entire Arbitration Award issued by Arbitrator Paul F. Gerhart should be enforced. Having demonstrated that there are no genuine issues of material fact and that CWA is entitled to judgment as a matter of law, CWA respectfully urges this Court to issue an Order granting summary judgment in its favor.

Respectfully submitted,

*[signature]*

Nicolas M. Manicone, Headquarters Counsel
Communications Workers of America, AFL-CIO
501 Third Street, N.W., Suite 800
Washington, D.C. 20001-2797
Office: (202) 434-1321
Fax: (202) 434-1464
DC Bar No.: 461171

Dated: January 11, 2008            Counsel for Defendant and Counter-Claimant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, DC INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COMMUNICATIONS WORKERS )<br>OF AMERICA, AFL-CIO )<br>)<br>Defendant. )<br>) | Case No. 1:07-cv-01460<br><br>JUDGE PAUL L. FRIEDMAN |

### CERTIFICATE OF SERVICE

I, Nicolas M. Manicone, hereby certify that on this 11th day of January, 2008, a true and correct copy of Defendant Communications Workers of America's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment was mailed to opposing counsel, via UPS overnight delivery, addressed as follows:

Willis J. Goldsmith
Jones Day
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939 (telephone)
(212) 755-7306 (facsimile)

Julia M. Broas
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939 (telephone)
(202) 626-1700

Dated: January 11th, 2008

Nicolas M. Manicone
Counsel for Defendant Counter-Claimant